UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CR33DJS(MLM) |
| ) | |
| BRYAN CHISSEM, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On April 16, 2009 an Evidentiary Hearing was held on the Motion to Suppress Evidence filed by defendant. [Doc. 19] The government filed a written Response. [Doc. 20] At the hearing, the government presented the testimony of Andrew Kleffner, a Police Officer with the St. Louis Metropolitan Police Department for two years, eight months. PO Kleffner is assigned to the Seventh District and handles assignments received by radio and patrols the general area. The defendant did not present witnesses.

Based on the testimony and evidence adduced and having had an opportunity to observe the demeanor and evaluate the credibility of the witness, the undersigned makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On November 19, 2008, PO Kleffner arrested defendant at 5861 Cote Brilliante. The circumstances of the arrest are as follows: The dispatcher for the St. Louis Metropolitan Police Department contacted PO Kleffner and PO Adrian Patton with a radio assignment for a "suspicious person selling drugs." The dispatcher said that the Police Department had received a call from a caller who refused to identify him/herself. The caller said that two black males wearing dark clothing were loitering behind the residence at 5861 Cote

Brilliante and selling drugs. The caller said that this was a constant problem in this area. PO Kleffner and PO Patton, both in uniform and riding in a marked police car, responded to the front of 5861 Cote Brilliante. Police Officer Joseph Seper also responded to the area to assist. PO Seper responded to the alley behind the 5800 block of Cote Brilliante.

Gov.Ex.1 is an overhead view of the area showing the residence at 5861 Cote Brilliante, the street in front, the alley behind and the gangway on the east side. As PO Seper traveled east to west in the alley he saw at the rear of 5861 Cote Brilliante two black males wearing dark clothing standing there. He decided to approach and investigate. He parked and exited his vehicle and approached the subjects. They turned away from him and ran south to the east gangway beside 5861 Cote Brilliante. They ran towards the front of the residence. PO Seper pursued them and called out "stop them" when they reached the front. PO Kleffner stopped defendant in the street. PO Seper stopped in the front yard the other person, later identified as "Jackson." PO Seper told PO Kleffner that when he approached the two men in the alley, defendant removed a silver gun from his waistband with his left hand and threw it towards the ground.

PO Kleffner left defendant, handcuffed, with PO Patton and retraced the steps through the gangway to the back yard. He located and seized the silver firearm which was lying in the grass in the back yard. He returned to the front and PO Seper identified the silver gun as the one he saw defendant removing from his waistband and throwing to the ground. PO Kleffner arrested defendant for Unlawful Use of a Weapon. He advised him of his <u>Miranda</u> rights by reading from the department-issued card. The St. Louis Metropolitan Police Department <u>Miranda</u> Card states the following:

Warnings – Constitutional Rights

1. You have the right to remain silent.

>    2.   Anything you say can and will be used against you in court.
>
>    3.   You have the right to a lawyer and to have him with you while you are being questioned.
>
>    4.   If you cannot afford to hire a lawyer, one will be appointed for you before any questioning if you so desire.

**PO Kleffner asked defendant if he understood and defendant indicated that he understood his rights. Defendant did not appear under the influence of drugs, alcohol or to have any type of mental infirmity that would prevent him from understanding his rights. Defendant said to the effect that "if you found anything it wasn't mine. I was looking for a prostitute named Michelle." This was not in response to any question asked by PO Kleffner. His gun was not drawn. He used no force and made no promises to defendant. Defendant was taken to the police station and offered the opportunity to place his statement in writing. Defendant declined.**

## CONCLUSIONS OF LAW

**1.    INITIAL APPROACH**

**PO Seper's initial approach to defendant standing in the rear of 5861 Cote Brilliante was not a "seizure" of defendant and therefore did not implicate the Fourth Amendment. The officer had received a dispatch about two individuals, wearing dark clothing, loitering and selling drugs behind 5861 Cote Brilliante. He responded to that location and observed defendant standing there meeting the description given by the caller. He decided to continue his investigation.**

**Police officers may approach an individual in a public place to ask if the person is willing to answer questions, and the officers may put questions to the person if he is willing to answer. Florida v. Royer, 460 U.S. 491, 497 (1983). Such encounters do not infringe upon any Fourth Amendment rights, and do not, therefore, require any degree of suspicion.**

Florida v. Rodriguez, 469 U.S. 1, 5-6 (1984). Officers need "no basis for suspecting a particular individual [to] ask questions of that individual, ask to examine the individual's identification, and [even] request consent to search his or her luggage--as long as the police do not convey a message that compliance with their requests is required." Florida v. Bostick, 501 U.S. 429, 435 (1991) (citations omitted). The initial approach of defendant by PO Seper did not implicate the Fourth Amendment in any way.

**2. PROBABLE CAUSE FOR WARRANTLESS ARREST**

Law enforcement officers may arrest a person without a warrant if they have probable cause to believe that the person has committed or was committing a crime. Gerstein v. Pugh, 420 U.S. 103 (1975); United States v. Watson, 423 U.S. 411 (1976). Probable cause for arrest exists if at the time of the arrest the facts and circumstances within the knowledge of the officers and of which they had reasonable trustworthy information were sufficient to warrant a prudent man in believing that the person had committed or was committing an offense. Beck v. Ohio, 379 U.S. 89, 91 (1964). See also R.S.Mo. § 544.216 (a municipal law enforcement officer may arrest on view without a warrant any person about whom he has reasonable grounds to believe has violated any law of this state). See also United States v. Oropesa, 316 F.3d 762, 768 (8th Cir. 2003); United States v. Hartke, 251 F.3d 771, 775 (8th Cir. 2001); see also United States v. Sherrill, 27 F.3d 344, 347 (8th Cir.), cert. denied, 513 U.S. 1048 (1994).

In the present case the officers had probable cause to arrest the defendant without a warrant when PO Seper observed defendant turn and flee and throw to the ground a firearm which had been previously fully concealed. This was clearly a violation of state law. Having observed this, the officers had probable cause to arrest defendant. They arrested him because they saw him commit an offense in their presence. United States v. Watson,

423 U.S. 411, 418 (1976); Gerstein v. Pugh, 420 U.S. 103 (1975); United States v. Potter, 895 F.2d 1231, 1233-34 (9th Cir. 1990). The arrest was lawful.

3. SEIZURE OF THE FIREARM

As the officers approached defendant, he turned and fled and threw a firearm to the ground. The seizure of that firearm was lawful because defendant intentionally discarded it and therefore abandoned it. Warrantless searches and seizures of abandoned property do not violate the Fourth Amendment. United States v. Segars, 31 F.3d 655, 658 (8th Cir. 1994). Whether a person intends to abandon property may be inferred from words spoken, acts done and other objective facts, and all relevant circumstances at the time of alleged abandonment should be considered. United States v. Hoey, 983 F.2d 890, 892 (8th Cir. 1993). The issue is not abandonment in the strict property right sense, but rather, whether the defendant in leaving the property has relinquished a reasonable expectation of privacy so that a search and seizure is valid. Id. Abel v. United States, 362 U.S. 217, 241 (1960); United States v. Ruiz, 935 F.2d 982, 984-85 (8th Cir. 1991). Physically relinquishing property is one of the factors to be considered in determining whether property has been abandoned. See United States v. Landry, 154 F.3d 897, 899 (8th Cir. 1998), cert. denied, 525 U.S. 1086. See also California v. Dhodadari D., 499 U.S. 621, 629 (1991); Abel v. United States, 362 U.S. 217, 241 (1960).

In the alternative, it can be argued that certainly the firearm was in plain view and therefore properly seized. Under the plain view doctrine, when police officers are lawfully in a particular location and observe items in plain view which they have probable cause to believe are contraband or evidence of a crime, they may seize such items without a warrant. Coolidge v. New Hampshire, 403 U.S. 443, 464-73 (1971); Arizona v. Hicks, 480 U.S. 321, 326 (1987); United States v. Garner, 907 F.2d 60, 62 (8th Cir. 1990), cert. denied, 498 U.S.

1068 (1991). There is no requirement that the discovery be inadvertent. Horton v. California, 496 U.S. 128, 136-143, 110 S.Ct. 2301, 2308-11 (1990). As stated previously, PO Seper was lawfully near the defendant when he observed defendant discard the firearm. Clearly the incriminating nature of the firearm was immediately apparent and thus, the officer's seizure of the firearm was lawful.

**4.    STATEMENTS**

Immediately after arresting defendant, PO Kleffner advised defendant of his Miranda rights by reading from the department-issued card. Defendant indicated that he understood his rights. Pursuant to Miranda v. Arizona, 386 U.S. 436 (1966), any time a person is subject to custodial interrogation a law enforcement officer must advise the person of his rights to be free from compulsory self-incrimination and of his right to have the assistance of counsel. United States v. Axsom, 289 F.3d 496, 500 (8th Cir. 2002). In the present case there is no question that defendant was under arrest and that he was fully advised of his Miranda rights.

A defendant may knowingly and intelligently waive his rights and agree to answer questions. Miranda v. Arizona, 384 U.S. 436, 479 (1966). When the prosecution seeks to introduce in evidence a statement made by a defendant while in custody, it has the burden of showing by a preponderance of the evidence that the statement was made after a voluntary, knowing and intelligent waiver of the Miranda rights by the defendant. Colorado v. Connelly, 479 U.S. 157 (1986). "The requirement that Miranda warnings be given does not, of course, dispense with the voluntariness inquiry" Dickerson v. United States, 530 U.S. 428, 444 (2000). The court must look to the totality of the circumstances surrounding the interrogation to determine whether the waiver was the product of a free and deliberate choice, rather than intimidation, coercion, or deception; and whether the waiver was made

with an awareness of the right being abandoned and the consequences of the decision to abandon it.  Moran v. Burbine, 475 U.S. 412 (1986).

The statement must be voluntary and not the product of any police conduct by which the defendant's will is overborne.  Haynes v. Washington, 373 U.S. 503 (1963); Colorado v. Connelly, 479 U.S. at 170.  However, as the Supreme Court stated in Berkemer v. McCarthy, 468 U.S. 420 (1984), "[c]ases in which a defendant can make a colorable argument that a self-incriminating statement was 'compelled' despite the fact that law enforcement authorities adhered to the dictates of Miranda are rare."  Id. at 433 n. 20; Dickerson, 530 U.S. at 444.

In addition to the requirement of custody, the defendant must also be interrogated for Miranda to apply.  Miranda v. Arizona, 384 U.S. 436, 444 (1966).  Interrogation is "express questioning or its functional equivalent."  Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980).  A spontaneous statement by a person in custody does not warrant suppression.  United States v. McCoy, 200 F.3d 582, 584 (8th Cir. 2000) (Miranda not applicable because defendant's statement was spontaneous and not in response to questioning by officer).  In the present case, defendant was fully advised of his Miranda rights.  This is clearly not one of the "rare" cases referred to in Berkemer.  In addition, defendant's statement was not in response to any questioning by PO Kleffner and therefore because he had been fully advised of his rights and his exculpatory statement was spontaneous, it should not be suppressed.

Accordingly,

**IT IS HEREBY RECOMMENDED** that defendant's Motion to Suppress Evidence be **DENIED**. [Doc. 19]

The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this   17th    day of April, 2009.